IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL DOCKET NOs. 3:95CR25; 3:04CR191-V

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| BRIAN KEITH BURROUGH, ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon defense counsel's Motion For Psychiatric Evaluation and Hearing To Determine Competency, filed in Criminal Docket No.: 3:95CR25 (*"Burrough I"*) on January 26, 2007, and the Government's Motion For Psychiatric Exam, filed in Criminal Docket No.: 3:05CR191 (*"Burrough II"*) on January 10, 2007. (3:95CR25 Document #73; 3:05CR191 / Document #125)   Defendant's motion was originally granted by U.S. District Judge Graham C. Mullen.  (3:95CR25 / Document #74)  However, Defendant was never transported to a federal facility for purposes of evaluation and no other arrangements were made for testing.

For the reasons set forth within Defendant's motion, and those articulated in open court in recent proceedings (e.g., status conferences held on April 30, 2007 and June 11, 2007), and upon a finding of 'reasonable cause' to believe Defendant may be suffering from a mental disease or defect rendering him mentally incompetent to proceed with sentencing, the Court will order that Defendant undergo an evaluation for this purpose.  *See* 18 U.S.C. §4241(a); United States v. Mason, 52 F.3d 1286, 1289 (4th Cir.1995).  Because the same issue has been raised on multiple occasions by various counsel with respect to Defendant's competency at the time of the offenses giving rise to *Burrough II*, the Court requests that the examiner also evaluate and opine regarding Defendant's mental

1

competency at the time of the underlying offenses as well as during the pendency of this federal prosecution, particularly the tender and acceptance of Defendant's guilty plea in *Burrough II* in July 2006. 18 U.S.C. §4242(a).

In order to facilitate the evaluation, the Court requests the immediate transfer of the Defendant from the Mecklenburg County Jail to F.C.I. Butner, or some like federal facility at the discretion of the U.S. Marshal's Service.

**IT IS, THEREFORE, ORDERED THAT:**

1) Defendant's motion for evaluation is hereby **GRANTED**. Accordingly, Defendant shall undergo a psychiatric evaluation pursuant to 18 U.S.C. §§4241(a), 4242(a) and 4247(b) & (c);

2) Once completed, a copy of the psychiatric or psychological evaluation shall be filed with the Court, **UNDER SEAL**, pursuant to 18 U.S.C. §4247(c);

3) The Government's motion for an independent evaluation of the Defendant will be held in abeyance or otherwise **DEFERRED** until the testing is complete and the results made known to the parties and the Court;

4) Defense counsel shall provide the examiner with copies of the written reports prepared by Drs. Caruso and Hilkey within seven (7) days of transfer of custody and designation of the appointed professional. Although the objectives of the earlier evaluations were to assist defense counsel in gauging the efficacy of asserting an insanity defense - a defense apparently ruled out as a result of Dr. Hilkey's evaluation - and assisting counsel with developing other defense strategies, the testing that has already been done may be of some

value to the appointed psychiatrist / psychologist. These materials need not be made a part of the official court record.

5) Counsel for Defendant shall file a **STATUS REPORT** with the Court **on or before Monday, August 20, 2007**; and

6) This Order shall be delivered (electronically or otherwise) to Defense Counsel, the U.S. Attorney's Office, the U.S. Probation Department, and the U.S. Marshal's Service.

Signed: June 26, 2007

Richard L. Voorhees
United States District Judge