# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:04-CR-00191-FDW

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| BRIAN KEITH BURROUGH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Pro Se Motion to Defer Restitution Set by the Court (Doc. No. 307). The United States did not respond in opposition, and the Motion is ripe for ruling. For the reasons set forth below, Defendant's Motion is **DENIED**.

Defendant Brian Keith Burrough pled guilty to one count of conspiracy to distribute heroin and cocaine base, 21 U.S.C. §§ 846 and 841, and one count of using, carrying, and possessing a firearm during and in relation to a drug trafficking crime, or aiding and abetting the same, 18 U.S.C. § 924(c)(1). (Doc Nos. 3 and 143; Minutes of Proceedings, July 14, 2006.) Judge Voorhees sentenced Defendant to 360 months imprisonment, consistent with Defendant's Rule 11(c)(1)(C) Plea Agreement with the United States. Judge Voorhees further sentenced Defendant to five years of supervised release, a $200 special assessment, and $14,853.14 in restitution. (Doc. No. 205.) Defendant remains in the custody of the Bureau of Prisons. See https://www.bop.gov/inmateloc/ (visited Jan. 17, 2024).

Defendant represents that as of August 22, 2023, he has paid approximately $6,000 in restitution, with a remaining balance of approximately $8,700. (Doc. No. 307, p. 1.) Defendant asks the Court to defer his remaining restitution obligation until after his release from BOP custody. Id. In support of this request, Defendant makes two arguments. First, that he is being

1

forced to participate in the Inmate Financial Responsibility Program ("IFRP"). He argues the IFRP allows the BOP to act as a "collection agency" by restricting his access to certain benefits—for example, the commissary or the phones—if he fails to pay. Id. Second, Defendant argues the Court improperly delegated to the BOP its authority to set the timing and payment amount of his restitution, violating United States v. Miller, 77 F.3d 71, 77–78 (4th Cir. 1996).[1]

The Court will address Defendant's delegation argument first. In Miller, the Fourth Circuit held that a district court may not delegate final authority to set the amount and timing of criminal penalties, including restitution and fines, to the BOP or to a probation officer. Id. at 77. "[T]he statutory duty imposed upon district courts to fix the terms of a fine must be read as exclusive because the imposition of a sentence, including the terms of probation or supervised release, is a core judicial function." Id. at 78. See also 18 U.S.C. § 3572(d). In sum, under Miller, the district court must provide the BOP and/or the United States Probation Office with direction as to the payment amount and timing of criminal penalties, and must retain final authority over those terms. The Fourth Circuit vacated the defendant's sentence and remanded in Miller because the Court had ordered the defendant to pay his fine and restitution "at such times and in such amounts as the Bureau of Prisons and/or the Probation Office may direct." Id. at 74. In contrast, the Court's judgment in this case ordered Defendant to begin payment immediately, and to make payments in equal monthly installments of $50.00 to commence 60 days after release from imprisonment. (Doc. No. 205, p. 5.) The district court may set the amount and timing of criminal penalties by ordering payment due immediately without violating Miller. United States v. Caudle, 261 F.

---

[1] Defendant also cites United States v. Albro, 32 F.3d 173, 174 (5th Cir. 1994). The holding in that case is substantially similar to the holding in Miller. See id. (holding that the Court may not delegate final authority as to the timing and amount of payment of restitution to the United States Probation Office). The Court focuses on Fourth Circuit precedent in ruling on the pending Motion, but notes that it is generally consistent with Albro.

2

App'x 501, 503–04 (4th Cir. 2008) (unpublished).[2] For the foregoing reasons, Defendant's delegation argument fails. The Court did not order him to pay restitution at whatever time and in whatever amount the BOP sees fit, as the Court did in Miller—it ordered him to pay immediately.

Next, to the extent Defendant seeks removal from the IFRP, his motion is not well-taken and is procedurally improper. When the district court orders payment due immediately, the BOP can place a defendant on the IFRP. Id. See also United States v. Boyd, No. 3:11-cr-277-MOC-DCK, 2019 WL 2724770, at * 2 (W.D.N.C. June 28, 2019) (citing Caudle, 261 F. App'x at 503–04). Defendant is essentially asking the Court to order the BOP to modify his payments through the IFRP—that is, to execute his sentence differently. That claim is a petition for habeas relief under 28 U.S.C. § 2241. To pursue that avenue of relief, Defendant must exhaust his administrative remedies with the BOP, then file a habeas claim in the district where he is incarcerated, not in the sentencing district. See In re Jones, 226 F.3d 328, 332 (4th Cir. 2000), abrogated on other grounds by Jones v. Hendrix, 143 S. Ct. 1857 (2023). Accordingly, the Court's ruling here is without prejudice to filing a § 2241 petition in his district of confinement, after exhaustion of administrative remedies.

**IT IS THEREFORE ORDERED** that Defendant's Pro Se Motion to Defer Restitution, (Doc. No. 307), is **DENIED** without prejudice to filing a proper § 2241 petition.

**IT IS FURTHER ORDERED** that all terms and provisions of the Court's Judgment (Doc No. 205) remain in effect.
**IT IS SO ORDERED.**

Signed: January 18, 2024

_____
Frank D. Whitney
United States District Judge

---

[2] While an unpublished, *per curiam* opinion of the Fourth Circuit is not precedential, the Court finds it highly persuasive.