IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:04-CR-00191-FDW

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | **ORDER** |
| BRIAN KEITH BURROUGH, | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on the Government's "Motion to Authorize Payment from Inmate Trust Account," (Doc. No. 312). Defendant, Brian Keith Burrough, has not responded to the Government's motion.[1] Therefore, pursuant to 18 U.S.C. §§ 3613(a), 3664(n), and 3664(k), the Court **GRANTS** the United States's motion.

## I. BACKGROUND

On July 14, 2006, Defendant voluntarily pleaded guilty to Counts 1 and 2 as set forth in the Bill of Indictment for conspiracy to possess with intent to distribute heroin and cocaine base, in violation of 21 U.S.C. §§ 846 and 841, and using, carrying, and possessing handguns during and in relation to a drug trafficking crime and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1), 924(j)(1), and 2. (Doc. Nos. 3, 143, 144). On December 8, 2008, this Court sentenced him to three hundred sixty (360) months' imprisonment and five (5) years of supervised release. (Doc. No. 205). The Court also ordered him to pay a $200.00 special assessment and $14,853.14 in restitution to his crime victims. Id. Defendant is jointly and severally liable with co-

---

1 The United States filed the Motion three weeks ago. Defendant's response was due October 8, 2024. As of today's date, no response has been filed.

defendants for the total amount of restitution. Id. His obligation to pay the special assessment expired with no payments made, but he has paid a total of $681.79 in restitution. The current balance of Defendant's restitution debt is $8,432.32.

Defendant remains in custody and is assigned to the Federal Correctional Institution in Butner, North Carolina. He is scheduled to be released from custody in July 2029. The United States Attorney's Office recently learned that Defendant has approximately $1,351.28 in his inmate trust account maintained by the Bureau of Prisons ("BOP"). The United States moves for entry of an order authorizing the BOP to turn over $1,151.28 of the funds held in Defendant's inmate trust account to the Clerk of Court as payment toward the restitution owed to the victims.

## II. DISCUSSION

Title 18, United States Code, Section 3613 sets out procedures for the United States to enforce criminal monetary penalties, including restitution and fines. 18 U.S.C. §§ 3613(a) and (f). Pursuant to Section 3613(c), upon entry of judgment, a lien arises against all of the defendant's property and rights to property, including the defendant's interest in funds held by the BOP in his inmate trust account. 18 U.S.C. § 3613(c); see 18 U.S.C. § 3613(a) (United States may enforce restitution against all property and rights to property of the defendant).

The Mandatory Victims Restitution Act ("MVRA") permits the United States to use "all other available and reasonable means" to collect restitution. 18 U.S.C. § 3664(m)(1)(A)(ii). The MVRA also requires that a defendant's substantial resources received from any source during his term of incarceration be applied to his outstanding restitution obligation. 18 U.S.C. § 3664(n). The MVRA further authorizes the Court to order payment of a restitution obligation upon notice of a material change in a defendant's economic circumstances that affects his ability to pay restitution "as the interests of justice require." 18 U.S.C. § 3664(k).

2

The funds at issue currently are in the Government's possession, and the Government has a valid lien over this property. Further, because the property at issue is cash, it does not fall within any applicable categories of the exempt property that a defendant may claim in a criminal case. 18 U.S.C. § 3613(a)(1) (setting forth the applicable Internal Revenue Service property exemptions for criminal cases). Thus, the Court concludes that an order authorizing the turnover of the Defendant's property is appropriate here.

**IT IS THEREFORE ORDERED** that the Government's Motion, (Doc. No. 312), is **GRANTED**, and the BOP is hereby authorized to turn over to the Clerk of Court funds in the amount of $1,151.28 held in the inmate trust account for Defendant as payment toward his restitution obligation in this case.

**SO ORDERED**.

Signed: October 22, 2024

_____
Frank D. Whitney
United States District Judge